UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUTO SISION, INC. d/b/a COLLISION STAR and GEORGE HUDSON,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO d/b/a WELLS FARGO BANK, NATIONAL ASSOCIATION, and WELLS FARGO d/b/a WELLS FARGO & COMPANY,<br><br>Defendants. | Civil Action No.: 2:18-cv-5391 |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS
WELLS FARGO BANK, N.A.'S AND WELLS FARGO & COMPANY'S MOTION TO
DISMISS PLAINTIFFS' COMPLAINT**

Diane A. Bettino, Esq.
dbettino@reedsmith.com
**REED SMITH LLP**
Three Logan Square
1717 Arch Street – Suite 3100
Philadelphia, PA  19103
Telephone No.:  (215) 851-8100
Facsimile No.:  (215) 851-1420

Dated: January 16, 2019

*Counsel for Defendants Wells Fargo Bank, N.A.
And Wells Fargo & Company*

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...............................................................................................................1

II. COUNT I AND II OF THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE, AS PLAINTIFFS ARE LIABLE FOR THEIR EMPLOYEE'S CONDUCT ..........................................................................................................................2

III. AMENDMENT WOULD BE FUTILE................................................................................4

IV. CONCLUSION....................................................................................................................4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................ 4

Menichini v. Grant,
   supra, 995 F.2d 1232 (1993) ................................................................................... 3

**Statutes**

13 Pa.C.S.A. § 3405 ....................................................................................................... 3

13 Pa.C.S.A. § 3405(a)(2) ............................................................................................... 3

13 Pa.C.S.A. § 3405(b) ................................................................................................... 2

**I.      INTRODUCTION**

Initially, Plaintiffs Auto Sision Inc. d/b/a Collision Star's ("ASI") and George Hudson ("Plaintiffs") concede that their claims against Wells Fargo & Company are unfounded and should be dismissed. Plaintiffs also concede that their negligence cause of action against Wells Fargo Bank, N.A. ("Wells Fargo") should be dismissed and that any claims related to events that occurred before October 23, 2015 are barred. The only claims that Plaintiffs even try to defend are their Pennsylvania UCC claims. However, those claims fail as a matter of law.

Other than copying and pasting portions of their Complaint, the only substantive argument in Plaintiffs' Opposition is that the Complaint is not barred by 13 Pa.C.S.A. § 3405, because their employee Barbara Szeliga ("Szeliga") did not have "actual" authority to indorse the allegedly fraudulent checks. However, Plaintiffs' Opposition is entirely inadequate, and Counts I and II of Plaintiffs' Complaint should be dismissed with prejudice under 13 Pa.C.S.A. § 3405. The UCC as analyzed by Pennsylvania and the Third Circuit conclusively places the risk of an employee's embezzlement on the employer, because the employer is in the best position to prevent such losses. Plaintiffs' argument that Szeliga did not have actual authority to indorse the subject instruments is irrelevant in light of the admission in the Complaint and Opposition that Szeliga was entrusted with virtually all of Plaintiffs' financial operations, including accounts receivable and accounts payable.

Plaintiffs' Complaint is an improper attempt to hold Wells Fargo liable for the alleged fraud of Plaintiffs' own employee. Plaintiffs' Complaint fails to state any cause of action against any party. For the reasons set forth within Wells Fargo's Motion to Dismiss and those cited herein, Wells Fargo respectfully requests that the Complaint be dismissed, in its entirety, with prejudice.

**II.  COUNT I AND II OF THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE, AS PLAINTIFFS ARE LIABLE FOR THEIR EMPLOYEE'S CONDUCT**

Plaintiffs seek to hold Wells Fargo liable for the conduct of their own employee. Pennsylvania's UCC statute at 13 Pa.C.S.A. § 3405 places the risk of an employee's embezzlement on the employer because the employer is in the best position to prevent such losses. The express language of the Pennsylvania UCC confirms that Plaintiffs cannot maintain causes of action for conversion and failure to exercise ordinary care against Wells Fargo. Section 3405 of the Pennsylvania UCC is entitled "Employer's responsibility for fraudulent indorsement by employee." Section 3405(b) explicitly provides that:

> For the purpose of determining the rights and responsibilities of a person who, in good faith, pays an instrument or takes it for value or for collection, if an employer entrusted an employee with responsibility with respect to the instrument and the employee or a person acting in concert with the employee makes a fraudulent indorsement of the instrument, the indorsement is effective as the indorsement of the person to whom the instrument is payable if it is made in the name of that person.

[13 Pa.C.S.A. § 3405(b).]

Plaintiffs' sole argument that § 3405(b) does not apply is the factually and legally incorrect argument that Plaintiffs did not entrust Szeliga with the allegedly fraudulent instruments, and that her actions therefore do not qualify under 13 Pa.C.S.A. § 3405(a)(1)'s definition of responsibility. Plaintiffs offer no authority for this proposition. Beyond that, Plaintiffs completely ignore the fact that another definition of "Responsibility" under 13 Pa.C.S.A. § 3405(1) is the authority "(2) to process instruments received by the employer for bookkeeping purposes, for deposit to an account or for other disposition[.]"

Pursuant to the Plaintiffs' own admission, Szeliga was solely entrusted with virtually all of Plaintiffs' financial operations, including the handling of Plaintiffs' accounts receivable and

- 2 -

accounts payable.  Therefore, the duties and responsibilities entrusted to Szeliga by Plaintiffs squarely included, by Plaintiffs' own definition, the authority "to process instruments received by the employer for bookkeeping purposes, for deposit to an account or for other disposition[.]"  13 Pa.C.S.A. § 3405(a)(2).  As a result, in accepting all factual allegations pleaded in the Complaint as true, Wells Fargo cannot, as a matter of law, be liable, because Plaintiffs entrusted Szeliga with responsibility, and Plaintiffs themselves were in the best position to prevent the alleged losses.

Additionally, Plaintiffs' footnote attack of the holding in Menichini v. Grant is misplaced.  In that matter, the Third Circuit Court of Appeals provided that, "Article 3 of the UCC furnishes us with the applicable loss-allocation rules for the check payments.  These rules, premised on the responsibility to exercise ordinary care, proceed from the principle that liability rests with the party best able to prevent the loss."  Menichini v. Grant, supra, 995 F.2d at 1232.  The Circuit Court continued to provide that Article 3 of the UCC "recognizes principals' ability to minimize agency costs and resolves the agency problem by assigning check fraud losses to the payee-employer."  *Id.* at 1233.  The Court recognized that, "for their part, principals can minimize agency costs not only by measuring or observing the behavior of the agent but also by controlling the agent's behavior through operating rules, compensation policies, budget restrictions, and the like."  *Ibid.*  Section 3405 "generally denies an employer the ability to externalize the costs of employee embezzlement, 'virtually creat[ing] a bright line making fraudulent indorsements effective against the employer when employees who have 'responsibility with respect to instruments' forged indorsements.'"  *Ibid.*  Plaintiffs have not and cannot cite to any authority providing the Third Circuit's holdings in Menichini are merely dicta.  Further, Plaintiffs have not and cannot cite to any case law refuting the principles established in Menichini.

As a result of the foregoing, Plaintiffs simply cannot state a cause of action, as a matter of law, against Wells Fargo for the allegedly fraudulent conduct of Plaintiffs' own employee. The remaining portions of the Complaint after Plaintiffs' concessions must be dismissed with prejudice.

### III.   AMENDMENT WOULD BE FUTILE

In a tacit admission that their claims as pleaded are going to fail, Plaintiffs make an open ended request to amend their Complaint. Plaintiffs' request for permission to amend the Complaint should also be denied. As Plaintiffs' Opposition correctly argues, parties are generally provided an opportunity to amend if it appears that the deficiencies contained within the Complaint can be corrected. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Here, however, any proposed amendment to the Complaint would be futile, as no amendment would be able to correct the deficiency herein. Namely, that it was Plaintiffs' own employee who committed the acts that form the basis of Plaintiffs' claims. Plaintiffs' employee was entrusted with responsibility as to Plaintiffs' accounts receivable and payable. As a result, no amendment will be able to overcome 13 Pa.C.S.A. § 3405's placement of the risk of employee embezzlement upon the employer itself.

As a result, it is respectfully requested that Plaintiffs' request to amend the Complaint be denied.

### IV.   CONCLUSION

For all of the reasons set forth above, the Court should dismiss the Complaint with prejudice.

- 5 -

                                        Respectfully submitted,

                                        /s/*Diane A. Bettino, Esq.*  
                                        Diane A. Bettino, Esq.  
                                        dbettino@reedsmith.com  
                                        **REED SMITH LLP**  
                                        Three Logan Square  
                                        1717 Arch Street – Suite 3100  
                                        Philadelphia, PA  19103  
                                        Telephone No.:  (215) 851-8100  
                                        Facsimile No.:  (215) 851-1420

Dated: January 16, 2019                      *Counsel for Defendants Wells Fargo Bank, N.A.*  
                                                          *And Wells Fargo & Company*

**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of the Reply in Support of Defendants' Motion to Dismiss upon the following counsel of record on this 16th day of January, 2019, via the Court's Electronic Case Filing System (ECF):

> Matthew B. Weisberg, Esq.
> L. Anthony DiJiacomo, III, Esq.
> WEISBERG LAW
> 7 South Morton Ave.
> Morton, PA 19070

> /s/ Diane A. Bettino
> Diane A. Bettino